JAMES WALTON *vs.* NEW YORK CENTRAL SLEEPING CAR COMPANY.

Suffolk.   Jan. 22. — June 24, 1885.   FIELD, DEVENS, & COLBURN, JJ., absent.

A corporation, owning a parlor car in use on a railroad, under an agreement between it and the railroad corporation, is not liable for an injury caused, to a person not a passenger, by the porter of the car, who was in its employ, throwing from the car a bundle, containing his soiled clothing and other personal property, solely for his own convenience.

TORT for personal injuries.   Trial in the Superior Court, without a jury, before *Gardner*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff was in the employ of the Boston and Albany Railroad Company, as a laborer and track repairer, and, on August 5, 1882, was, under the direction of said railroad company, rightfully on its track, engaged in the performance of his duties, and in the exercise of due care, when an express train passed rapidly by on an adjoining track, and a bundle thrown from the passing train hit the plaintiff, and caused the injuries complained of.

In this train was a drawing-room or parlor car, owned by the defendant.   This car made a part of the train on the Boston and Albany Railroad which left Boston for Albany at half-past eight in the morning of said day.   For the use of this car, the defendant received a certain fare from each passenger occupying a seat in it.   The defendant employed on the car a conductor, who

collected the fare for seats, and had general charge and management of the car; and a porter, one Maxwell, whose business it was to take charge of the car, keep it clean and in order, serve the passengers, and remove rubbish from the car, and who was under the direction of the conductor.

In the performance of his service as porter, Maxwell went on said car of the defendant during its transit over the road, and did whatever was required for the above purposes. He was allowed by the defendant to bring in and keep in a closet in the car, where articles of the defendant were also kept, a satchel and other articles of his own, to which closet he had a key. Maxwell spent the alternate nights in Boston and Albany. As this car was passing through Newton on said day, Maxwell went out upon the platform of the defendant's car and threw off a paper bundle containing soiled clothing belonging to himself, together with a paper box containing a pound of candy, and sixty dollars in currency. The evidence was conflicting as to the weight and solidity of the bundle. Maxwell, the evening before, had arranged with a young woman (who with her mother lived near where the bundle was thrown) to throw the bundle at this point from the train, she to receive it, wash the soiled linen, and to keep the money for him. The bundle so thrown by Maxwell was the one which struck the plaintiff. Maxwell had never thrown a bundle before. He had no duty in regard to the washing of the linen used in the car, which was always washed in Boston, where the soiled linen was removed and fresh linen put in, by servants of the defendant other than Maxwell.

Maxwell testified that nobody instructed him to throw the bundle off; that he threw it off to have his washing done there, and to leave his money there; that he had made arrangements with a woman to throw the soiled clothes and the money; that the defendant had no connection with the bundle or his throwing it off; that he threw it off for his own convenience; that the steam from the engine prevented his seeing, and he could not tell whether he hit anybody or not; and that he could only see the heads of some men.

The plaintiff made a claim for compensation on the railroad company as well as on the defendant, and the assistant superintendent of the former brought about an interview with one

Brown, the defendant's agent in Boston for the management of its affairs, at which interview Brown told the plaintiff that, as soon as he heard of the injury, he knew it was the porter of the car that did it; that it was very careless in him, and he should discharge him.

The plaintiff asked the judge to rule, "that, if Maxwell was in the employ of the defendant, paid by it for taking care of the car, allowed to keep articles of personal property of his own in the car, and, having such articles in his possession in the car, on this occasion carelessly and negligently threw the same from the car while passing over the railroad therein, in the performance of his general duties in the care of the car, and hit the plaintiff, then being in the exercise of due care and rightfully on the railway, the defendant would be liable for all such damages resulting therefrom as would be legally recoverable for the injury occasioned thereby."

The judge refused so to rule, and ruled as follows: "The defendant is not responsible, if the injury to the plaintiff was done by Maxwell, the servant of the defendant, without the authority of the defendant, and not for the purpose of executing the defendant's orders, or doing the defendant's work, and not while acting as such servant in the scope of his employment. If Maxwell was employed by the defendant as a porter upon its parlor car, and, wholly for a purpose of his own, and disregarding the object for which he was employed, and not intending by his act to execute it, negligently threw a bundle, his own property, from the platform of the parlor car, and thereby the plaintiff, who was not a passenger, was hit and injured while in the exercise of due care, and if this injury was done by Maxwell not within the scope of his employment, then the defendant is not liable. If, however, Maxwell negligently threw the bundle in the execution of the authority given him by the defendant, and for the purpose of performing what the defendant had directed, or if the injury to the plaintiff was done by Maxwell while acting within the scope of his employment, then the defendant would be liable."

The judge also ruled, as requested by the defendant, that, upon all the evidence, the plaintiff could not recover; and found for the defendant.

If there was no error in the refusal to rule as requested, and in the rulings given, the verdict was to stand; otherwise, to be set aside.

*G. S. Hale & A. G. Stanchfield,* for the plaintiff.

*A. L. Soule & F. H. Gillett,* for the defendant, were not called upon.

W. ALLEN, J. The rulings and instructions of the court were correct. There was no evidence that Maxwell was employed by the defendant to take care of his own clothing and personal effects. The act complained of was not within the scope of his employment; and it is wholly immaterial that he was, at the moment, riding in a car of the defendant in which he was employed by it for other purposes.

*Judgment on the verdict.*