ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. J. H. ARNOLD ET AL.

Decided April 22, 1903.

**1.—Railroads—Liability for Negligence—Contract Not Relieving Against.**

A railway company, in the movement of its trains which are operated by it, either wholly or partly for its benefit, can not, by contract or otherwise, relieve itself of the duty it owes to the public and its employes to exercise ordinary care to safely operate the trains.

**2.—Same—Joint Use of Train.**

Where a railway company contracted for the construction of a right of way fence, and knew or could have known that the employes of the contractor were throwing timbers for the fence from a car attached to the company's regular freight train and being used in the performance of the contract, and that the throwing of such timbers while the car was in rapid motion might injure persons lawfully on the right of way, the railway company was liable for injuries to one of its trackmen by his being struck by a timber so thrown while the train was being run at a negligent rate of speed, although the company had contracted with the party building the fence that it should not be liable for accidents that might occur on the outfit or material cars used by such contracting party.

**3.—Same—Right to Recover Over.**

Such provision of the contract did not entitle the railroad company to recover over against the contractor, since the injury resulted from the concurrent negligence of both parties, and it was not the purpose of the contract to make the contractor responsible to the railway company for injuries resulting from the negligence of the latter.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*E. B. Perkins* and *Head & Dillard,* for appellant.

*Hall, Flippen & McCormick* and *Smith, Templeton & Tolbert,* for appellees.

FISHER, CHIEF JUSTICE.—The first amended original petition, on which this case was tried, was filed on the 14th day of August, 1901. It complained of the St. Louis Southwestern Railway Company of Texas, and of the American Steel and Wire Company, a corporation organized under the laws of the State of Illinois, and sought damages against them on account of an injury that befell plaintiff on the 14th day of May, 1901. It alleged that plaintiff on that day was working for the defendant railway company as a section hand. That while he was in the performance of his duty as such section hand one of the trains of defendant railway, operated by its servants, passed at a speed of twenty-five miles an hour. Plaintiff stepped off the track to get out of the way of the train, and when it passed, some timber for fencing purposes was thrown off the train, striking plaintiff, and bringing about the injury for which he sues. Plaintiff alleges that the persons engaged in throwing the timber from the train were employes of the railway company and were guilty of negligence in the speed at which they operated the train. Plaintiff alleged in the alternative that if he was mistaken in charging that the persons who handled the timber were employes of the railway company, then they were employes of the defendant steel and wire company, and acting for it in throwing the timber from the train, and were guilty of negligence for which that company was liable.

The first citation served on the American Steel and Wire Company was quashed. It was again cited to appear, and presented a plea in abatement which was overruled, as appears by bill of exceptions, whereupon the American Steel and Wire Company, as well as defendant railway company, having filed answers, the case went to trial. On the trial the court gave a peremptory instruction to return a verdict for defendant steel and wire company, but submitted the case on issues as between the plaintiff and the defendant railway company. The jury returned a verdict for the wire company, but against the railway company for $1900, upon which judgment was entered.

We find that the plaintiff was injured, substantially as alleged in his petition, and there is evidence which tends to show that he was not guilty of contributory negligence. The plaintiff was a section hand, and with others of that class was working upon appellant's railway, and upon the approach of the train he stepped a few feet from the track, when a piece of timber was thrown from one of the cars, one end striking the ground and the other hitting plaintiff and causing the injuries he sustained.

The piece of timber was thrown from the car by the servants of the steel and wire company, who were distributing timber near and along the track for the purpose of fencing the same. And there is evidence which authorizes the conclusion that the servants of the railway company in control of the train knew that the timber was being so distributed, and knew of the purpose and intention of the steel and wire company to throw timber from the car. At the time the piece of timber was thrown

32 Civil—18.

from the car the train was going at the rate of about twenty or twenty-five miles an hour, and the evidence warrants the conclusion that as to persons rightfully standing near the track, it was negligence to throw timber from the car when the train was going at that rate of speed. The train from which the timber was thrown was one of the appellant's regular freight trains, operated and controlled by one of its crews. The plaintiff was not a trespasser, and was rightfully near the track when he was injured. The engineer and other employes operating the train could have seen the plaintiff and the other section hands, if they had exercised ordinary care. And there is evidence which warrants the conclusion that they should have expected to find section hands upon and near the railway track; and it is apparent that if the servants of the railway company and the steel and wire company had exercised proper care, they could have discovered the near proximity of plaintiff and the other section hands to the track. Consequently, we reach the conclusion that the railway company, as well as the servants of the steel and wire company, were guilty of negligence in throwing the piece of timber from the car under the circumstances.

The steel and wire company were distributing the timber along the track, under the direction of the railway company, by virtue of a contract which is fully set out in the record, by the terms of which the steel and wire company were to construct and erect a right of way fence near the track. It is unnecessary for us to repeat the terms of the contract, as it is fully stated in the record. We are of the opinion that the court correctly construed the contract as not relieving the railway company from liability to the plaintiff or giving a cause of action to the former over against the steel and wire company.

The appellant contends that it is not liable to the plaintiff, because the negligence of the servants of the steel and wire company in throwing the timber from the car was the proximate cause of the injury. A railway company, in the movement of its trains, which are operated by it, either wholly or partially for its benefit, can not, by contract or otherwise, relieve itself of the duty that it owes to the public and its employes to exercise ordinary care to safely operate same, at times and places where the safety of persons requires this to be done. Collins v. Texas & P. Ry. Co., 15 Texas Civ. App., 169; Galveston H. & S. A. Ry. Co. v. Garteiser, 9 Texas Civ. App., 456; Burton v. Railway Co., 61 Texas, 533, and Railway Co. v. Hahn, 12 Atl. Rep., 479. Therefore the determination of the question that the train was one of the regular freight trains of appellant at the time of the accident, under its control and operation, relieves us of the duty of inquiring into the liability of the American Steel and Wire Company, in so far as may be involved the right of the plaintiff to recover against the railway company. If the negligence of the latter company, combined with that of the steel and wire company, caused the injury, either or both could be held liable; or if the injury resulted from the negligence of the steel and wire company

in throwing the piece of timber from the car, the railway company would be liable to the plaintiff if it was aware of the fact that the wire company was throwing or intended to throw the timber from the car at a time and place and under circumstances which the railway company knew, or could have known by the exercise of reasonable diligence, might cause injury to some one who was rightfully near the track, and failed to exercise ordinary care to prevent the wire company from so throwing the timber.

In the case of Fletcher v. Baltimore & Potomac Ry. Co., 168 U. S., 135, where the plaintiff was injured when he was rightfully near the track by a piece of wood thrown from a passing train by one of the hands of a work train, the contention was urged that at the time the timber was thrown from the train the workman who threw it was not in the performance of any duty that he owed to his master, and the timber was thrown off at a time at which he had for the day quit his work for the railway company. It appears from the facts that the railway company had control of the train at the time that the timber was thrown. In holding the railway company liable, the court in the course of its opinion says:

"It is not a question of scope of employment, or that the act of the individual is performed by one who has ceased for the time being to be in the employment of the company. The question is, does the company owe any duty whatever to the general public, or, in other words, to individuals who may be in the streets through which its railroad tracks are laid, to reasonable diligence to see to it that those who are on its trains shall not be guilty of any act which might reasonably be called dangerous and liable to result in injuries to persons on the street, where such act could, by the exercise of reasonable diligence on the part of the company, have been prevented. We think the company does owe such a duty, and if through and in consequence of its neglect of that duty an act is performed by a passenger or employe, which is one of a series of the same kind of act, and which the company had knowledge of and had acquiesced in, and if the act be in its nature a dangerous one, and a person lawfully on the street is injured as a result of such an act, the company is liable. Any other rule would, in our opinion, be most disastrous, and would be founded upon no sound principle. * * * The company, of course, is not an insurer of the safety of the public in the highway along or near which its road may run, but it is bound, as we have stated, to use reasonable diligence to see to it that no dangerous acts which may result in injury to persons lawfully on the highway shall be committed by persons who are on its trains, whether as passengers or employes. If it neglect that duty, then there is a liability on its part to respond in damages for the injuries resulting from that neglect."

Further, in discussing the knowledge of those in control of the train of the intention to throw the timber from the car, the court said: "If however, it had been proven in that case (that is, the case of Walton v.

New York Central Sleeping Car Co., 139 Mass., 556) that it was a cus-
tom on the part of the porters of that car to throw bundles off while the
train was in motion, and that this custom was known to the officers of the
company, and was permitted by them with the simple injunction that the
porters should take care and not hurt anybody, and if the jury found that
the act was one dangerous in its nature, we think that there is no doubt
that the defendant would be liable for injuries resulting from any one
of such acts." And further along the opinion says: "In this case, upon
the evidence submitted, the jury might be asked to infer knowledge on
the part of the defendant of the existence of the custom, and acquiescence
on its part in such custom, and that therefore the acts of the individuals
in throwing the timber were acts which were performed with the author-
ity of the defendant. The act would be performed with the authority of
the defendant, if, being aware of the custom, the defendant or its agents
permitted such acts and made no effort to prevent their performance and
issued no orders forbidding them. If the jury should also find that the
act was one of a dangerous nature, from which injury to an individual
on the roadside might reasonably be expected, then the jury might find
the defendant guilty of a neglect of duty in permitting its performance."
To the same effect are Shaw v. Railway Co., 123 Mich., 634, and Brad-
ford v. Railway Co., 160 Mass., 393, where mail bags were thrown from
passing trains.

The principle decided in Fletcher v. Railway Co. we think is appli-
cable here. It is true that there the plaintiff was injured at a public
place; but here, while the plaintiff was not injured at a place that was
public, he was not a trespasser, and was injured at a place where those
in charge of the train could reasonably expect section hands to be found.
The train from which the timber was thrown was going at a rate of
speed that made it dangerous to persons near the track to throw timber
therefrom; and the evidence shows that the employes of the railway com-
pany in charge of the train knew that timber was being thrown and dis-
tributed along the track; and they knew, or could have known by the
exercise of proper care, that section hands were working along the track;
or, at least, it was to be expected that such hands were so employed;
they were rightfully upon the track or near it as the train approached,
and, by the exercise of ordinary care, their proximity could have been
discovered.

The duty rests upon the servants operating the train to exercise ordi-
nary care to discover persons rightfully upon or near the track. St.
Louis S. W. Ry. Co. v. Jacobson, 28 Texas Civ. App., 150; McGrew v.
St. Louis & San Francisco Ry. Co., ante, p. 265. And they must exer-
cise ordinary care to abstain from injuring, or prevent conduct of which
they have a knowledge that is of a nature calculated to cause injury to,
such persons. The negligence of the railway company consists in per-
mitting the timber to be thrown from the car when the train was going
at a rate of speed that made it dangerous to persons whom it could and

should have expected were rightfully near the track; and it is clear that if ordinary vigilance and caution had been exercised, the accident would not have occurred.

It is next contended by appellant that the court erred in instructing a verdict in favor of the steel and wire company, because if the appellant was liable, it was entitled to recover over against its codefendant. This right is urged under certain provisions of the contract set out in the record between the appellant and the wire company; and on the further ground that the injury resulted from an independent -act of negligence of the wire company, and not of the appellant. We are of the opinion that the appellant is not correct in either of these views. As we construe the contract, the time and place of distributing the timber along the track was under the control of the appellant; and while section 9 of the contract relieves the appellant from liability from accidents which may occur on the outfit or material cars, we do not think that it was the purpose of that section of the contract to make the steel and wire company liable and responsible to the appellant for injuries resulting from the negligent conduct of the latter. The facts in the record show that the injury resulted from the concurrent negligence of both of the defendants; and if this is true, neither would have the right to recover over against the other, in the absence of a contract of indemnity that would permit this to be done. We do not believe that the contract between the two defendants affords this relief to the appellant.

What we have said, in effect, disposes of appellant's ninth assignment of error. We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.