Choctaw, Oklahoma and Texas Railway Company v. Grant McLaughlin.

Decided June 23, 1906.

**1.—Backing Train—Signals—Negligence—Question of Fact.**

Plaintiff alleged two grounds of negligence causing his injury, viz.: Failure of the locomotive engineer to give the usual backing signal, and failure to keep a brakeman near the rear end of the train to warn plaintiff of its backward movement. The court in its charge submitted both grounds. Held, proper, because although a code of signals as to the movement of the train, including a signal for backing, had been established, it was a question for the jury and not the court to determine under the circumstances whether a person of ordinary prudence would have considered a code of signals adequate protection to the employes.

**2.—Allegation and Proof—Charge Construed.**

Where there was nothing in the evidence to suggest any other ground of recovery other than those alleged it was not reversible error for the court in its charge to authorize a recovery in general terms if the jury should believe from the evidence that the person in charge of the train in question was guilty of negligence, especially when this was followed by a distinct, disjunctive statement of the two grounds of recovery alleged.

**3.—Charge—"Approximately" Instead of Proximately.**

The use of the word "approximately" for proximately in one place in the charge was harmless when everywhere else in the charge proximate and not approximate was used in referring to the cause of the injury.

**4.—Railroad Company—Construction Company—Subcontractor—Liability.**

Evidence considered, and held .to warrant a verdict against a railroad company for personal injuries where the railroad company had let the contract for the construction of the road to a construction company, and the construction company had sublet the contract for laying the rails to a third party by whom plaintiff was employed when injured.

Appeal from the District Court of Potter County. Tried below before Hon. Ira Webster.

*N. H. Lassiter, Robert Harrison* and *Madden & Trulove,* for appellant.—The charge was error in that it directed the jury to return a verdict for the plaintiff, if they believed that the railway company, or its agents, servants and employes failed to provide a watchman at the rear of the train to warn persons working behind it, or if the engineer failed to give certain signals, as provided in a code of signals, and either of these failures constituted negligence on the part of the defendant, which was the proximate cause of the injury. Quinn v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 396.

The charge was error, because it directed the jury to find a verdict for the plaintiff, if the defendant negligently caused the injury, unless they should find that the plaintiff was himself guilty of negligence "approximately" contributing to his injury. Pecos & Northern Texas Ry. Co. et al. v. Lovelady et al., 80 S. W. Rep., 867.

The charge was error in that it instructed the jury that if they believed from the evidence that the person or persons in charge of the engine and construction train at the time of the injury, was guilty of negligence in operating the train as it was, and in the manner it was handled, at the time of the injury, to find for the plaintiff, regardless of whether or not this negligence was the proximate cause of the accident. Missouri, K. & T. Ry. v. Eyer, 70 S. W. Rep., 529; Missouri, K. & T. Ry. v. Cardena, 55 S. W. Rep., 44; Texas & Pac. Ry. v. Scrivener, 49 S. W. Rep., 649.

The definition of proximate cause, as given herein, was incorrect, and calculated to confuse and misinform the jury, and to cause them to conclude that the plaintiff was not guilty of negligence proximately contributing to his injury, when in fact he was. The charge is as follows:

"By the expression 'proximate cause' is meant such cause as could have been reasonably expected to produce the result or injury complained of, and such as would reasonably be expected to have been anticipated by the party committing the alleged wrongful act at the time of its commission."

The evidence is undisputed that the construction train was not under the control and direction of the defendant at the time of the accident, and is undisputed that the company employing the persons operating the construction train at the time of the accident was not the agent of, or under the control of, or identical with, the defendant company. Pullmain Co. v. Missouri Pac. Co., 115 U. S., 587; Sabine Tram Co. v.

Bancroft, 40 S. W. Rep., 837; St. Louis S. W. Ry. Co. v. Gate City Co., 65 S. W. Rep., 706; Gulf, C. & S. F. Ry. Co. v. Lee, 65 S. W. Rep., 54.

· *John W. Veale, Hendricks & Ewing* and *Theodore Mack,* for appellee.

STEPHENS, Associate Justice.—The judgment appealed from, in the sum of eight thousand dollars, was recovered by appellee against appellant as compensation for personal injuries.

Appellant, a Texas corporation, chartered to construct a railroad between Amarillo, Texas, and New Mexico, undertook to have this railroad constructed and equipped by the Gulf Construction Company, an Illinois corporation, agreeing, in consideration of the construction company's performance of its undertaking to build and equip the road, to transfer to it all the stock and bonds which the Railroad Commission of Texas would authorize to be issued by the railroad company for said construction and equipment. One J. H. Roberts made a contract with the construction company to lay the track, the latter agreeing to furnish him a supply, or construction train and a crew to operate it. Appellee was employed by Roberts to assist in laying the track, and, according to his testimony and that of some other witnesses, it was his duty to follow immediately behind the construction train and bolt the rails. While in the discharge of this duty he was severely injured, the train crew backing the train on him without sufficient warning and crushing his left arm. The evidence warranted a finding that the accident was due to the negligence of the locomotive engineer in failing to sound his whistle before backing the train and that appellee was not guilty of contributry negligence.

Two grounds of negligence were alleged: First, failure of the locomotive engineer to warn appellee of the backing of the train by sounding the whistle of his locomotive; second, the failure to keep a brakeman stationed near the rear end of the train to warn appellee of its backward movement.

In submitting these issues the court gave the following charge, to which error is assigned: "If you believe from the evidence that the injury to plaintiff occurred as alleged in his petition, and if you further believe from the evidence that the person or persons in charge of said engine and construction train at the time of such injury was guilty of negligence in operating said engine or train made up as it was and in the manner you believe the same was handled at the time of the injury, or that the defendant, its agents, servants and employes did not provide a watchman in the rear of said train to warn the persons working behind said train of the contemplated movements of the same, or if you believe that a code of signals had been established whereby it became the duty of the engineer of the dummy engine to give three blasts of the whistle of his engine, and that it was the duty of the locomotive engineer to repeat the same signal by three blasts of the whistle of his engine for the purpose of warning those working in the rear of said train as to the contemplated movement of said train; and if you further believe that the engineer of the locomotive engine failed to repeat such warning by three blasts of the whistle of his engine just before the backward movement of said train at the time of the injury;

and if you further believe that such failure, if any, to provide a watchman in the rear of said train to notify those working in the rear thereof of the contemplated backward movement of the train, or if you believe that said failure, if any, to warn said workmen working behind said train by blasts of the locomotive engine, constituted negligence upon the part of the defendant or its agents, servants and employes, and if you believe that said negligence, if any, was the proximate cause of said injury to said plaintiff Grant McLaughlin, then you will return a verdict in favor of the plaintiff Grant McLaughlin, unless under the instructions hereinafter given, you find, that the said Grant McLaughlin was himself guilty of negligence approximately contributing to his injury."

The main objection to this charge seems to be that inasmuch as a code of signals had been established to advise the men engaged in laying the track of the movements of the construction train, which, if observed, would have afforded ample protection to the appellee, it was not incumbent on those undertaking to operate it to take the further precaution of stationing a brakeman near the rear of the train for the same purpose. We are, however, of opinion that it was for the jury, and not the court, to determine whether a person of ordinary prudence would have considered a code of signals adequate protection to an employe occupying the dangerous position in which appellee was placed, or whether such person would have taken the further precaution of stationing a brakeman near the rear end of the train as an additional protection to appellee and those working with him. The case of Quinn v. Galveston, H. & S. A. Ry. Co., 84 S. W. Rep., 396, is cited by appellant as one "directly in point," but there is nothing in the disposition of that appeal, in which the judgment was reversed, in conflict with the conclusion we have reached, although so much of the opinion as approved the action of the court in ignoring one or two of the issues in the case may seem to be so. The circumstances in which appellee was placed seem to have called for more than ordinary precautions for his safety, his position while bolting the rails being within two or three feet of the rear end of the construction train and the noise attending the work in which he and others were engaged being such as to render it difficult to distinctly and readily hear and recognize even the whistle of an engine when at any considerable distance from him. We note, also, that two similar grounds of recovery were submitted, seemingly with approval, in the case cited and so much relied on.

The following clause of the charge is also objected to: "And if you further believe from the evidence that the person or persons in charge of said engine and construction train at the time of such injury was guilty of negligence in operating said engine or train made up as it was and in the manner you believe the same was handled at the time of the injury." It must be conceded that the charge would have been in better form if this clause had been omitted, but as only two grounds of recovery were alleged and as there was nothing in the evidence to suggest any other ground of recovery, and as this clause, containing only a general statement, was followed by a distinct, disjunctive statement of these two grounds of recovery, we have concluded that it would be unreasonable to suppose that the jury were in any way misled by the

clause objected to.  It was a mere introductory statement, and the word "or" following it must have been used in the sense of "that is."

The use of the word "approximately" for proximately in the last clause of the charge above quoted is criticized and the definition of proximate cause elsewhere found in the charge is also criticised, but this definition we approve as being substantially correct, and inasmuch as several times and everywhere else in the charge proximate instead of approximate was used, we think this mere *lapsus calami* could not have done any harm.

The most important and at the same time most troublesome issue in the case is raised by the assignment complaining of the following charge: "Third, before you can find for the plaintiff under the above paragraph of this charge, you must find either that the construction train behind which plaintiff was working was under the control and direction of defendant through its agents, or servants, employed by the defendant company and under the control of said defendant company, or that the person or company in whose employ they were, was the agent of, or under the control of, or identical with, the defendant company in point of fact.   Should you find that the person or persons in charge of said construction train were the employes of a separate and distinct corporation or person not identical with, agents of, nor under the control of defendant, the Choctaw, Oklahoma & Texas Railroad Company, but was an entirely separate and independent corporation or person acting for itself independently, then your verdict will be for the defendant."

The following is the proposition, and the only proposition, submitted under the assignment complaining of this charge:   "The evidence is undisputed that the construction train was not under the control and direction of the defendant at the time of the accident, and is undisputed that the company employing the persons operating the construction train at the time of the accident was not the agent of, or under the control of, or identical with, the defendant company."

The written contract between the construction company and the railroad company, after reciting that the railroad company "had secured from the State of Texas a charter empowering it to build a new line of railway" between Amarillo and New Mexico, and that the construction company was desirous of performing all the work and furnishing all the material for the construction of this line, obligated the construction company, "under the direction and subject to the approval of the chief engineer of the railway company," to locate the railway, provide the right of way, construct the railroad, including section houses, stations, machine shops, *et cetera,* and equip the same with rolling stock and motive power, all at its own expense; and obligated the railway company to allow the use of its name in securing the right of way and to issue and deliver to the construction company, in consideration of the full performance of its covenants, all the first mortgage bonds and certificates of stock the railway company would be authorized by the Railroad Commission of Texas to issue, and to assign and deliver to the construction company all subsidies received for the construction of the railroad.   The construction train used in laying the track, the backing of which, without giving the requisite signal, caused the injury,

was the property of the Choctaw, Oklahoma & Gulf Railway Company, but seems to have been furnished by appellant through its superintendent, and while the wages of the crew furnished with this train to operate it seem to have been paid by the construction company, there was evidence tending to prove that these trainmen received orders from, and had been employed, and were dischargeable, by the superintendent of appellant, the Choctaw, Oklahoma & Texas Railway Company, which the circumstances indicated belonged to the family of railroad companies designated as the "Rock Island System," although this was denied by the president of the construction company, who was also vice-president of the Chicago, Rock Island & Pacific Railroad Company. the parent company of this family or system. It is claimed, however, and there was testimony to that effect, that the construction company had leased or rented the work train from the railroad company, but no attempt was made to show exactly how this was or what authority the railroad company had to make such a lease to a foreign corporation having no franchise to operate railroad trains in Texas. The evidence also tended to show that the chief engineer of appellant, who was also engineer for the construction company, ordered the construction train into service when requested by Roberts, the subcontractor, but the manner of moving it was committed entirely to the care of the train operatives, who do not seem to have been in any way responsible for their conduct either to the construction company or to its subcontractor, although they probably would have been discharged by the railroad company if justly complained of by the construction company or Roberts. We can not, therefore, quite agree with appellant that "the evidence is undisputed that the construction train was not under the control and direction of the defendant at the time of the accident." While it was the duty of the train crew to move the train back and forth at the instance of the construction company, or rather of its subcontractor, as occasion required in laying the track, and in this general sense the work train was under the control of the contractor, yet the actual and immediate control of its movements was at all times in the hands of the train operatives, who were the servants of appellant, as above seen. It was from the manner in which these servants exercised this power and discharged their duty to their employer, the railway company, that injury resulted to appellee, and not from any act of the construction company or its subcontractor, who had only the right to call for the movement of the train and had to depend entirely on the train operatives to properly handle it. See Burton v. Galveston, H. & S. A. Ry. Co., 61 Texas, 527, where this question is ably discussed by Mr. Justice Stayton. See, also, St. Louis S. W. Ry. v. Arnold, 74 S. W. Rep., 819, and other cases there cited.

Nor can we agree with appellant that "it is undisputed that the company employing the persons operating the construction train at the time of the accident was not the agent of, or under the control of, or identical with the defendant company." While the construction company and the railroad company or companies were theoretically distinct, the circumstances at least tended to show that they were practically one—that the construction company was but another name for

the railroad company. In view, however, of the next preceding conclusion, this need not be discussed.

As to the liability of a railway company for injuries occurring on its track through negligence of those operating trains thereon, even where such trains belong to a foreign company and are operated by its employes, see Gulf, C. & S. F. Ry. Co. v. Miller, 9 Texas Ct. Rep., 757, 11 Texas Ct. Rep., 330. But see Cunningham v. International & G. N. R. R., 51 Texas, 503.

The remaining assignments complain of the refusal of special charges, of the admission of testimony, and of the overruling of the motion for a new trial, but while all of these rulings have been carefully examined, we find no material error in any of them.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.