[L. A. No. 6338. In Bank.—August 29, 1921.]

## STATE COMPENSATION INSURANCE FUND, Appellant, v. CARL JORN, Respondent.

[1] NEGLIGENCE—APPEAL—CONFLICT OF EVIDENCE—SUPPORT OF VERDICT.—On an appeal from a judgment in an action for personal injuries the conflict in the evidence on the issue of negligence must be resolved in support of the verdict.

[2] ID.—SPECIAL ISSUE—PROXIMATE CAUSE OF INJURY—ERRONEOUS USE OF WORD "APPROXIMATELY"—WANT OF PREJUDICE.—In an action for personal injuries, error in the use of the word "approximately" for "proximately" in the submission of the special issue to the jury as to whether the injured person was guilty of negligence that contributed directly or approximately to the injury was not misleading or prejudicial, where many references were made in the instructions to direct and proximate cause of the injury as the basis of liability.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams and P. B. D'Orr for Appellant.

F. C. Drumm and H. C. Head for Respondent.

SLOANE, J.—The plaintiff, an insurance carrier under the Workmen's Compensation Law of California for the employer of one Earl Summers, paid compensation to Summers for injuries received by him in an automobile accident.

The injuries inflicted were alleged to be the result of the negligent driving of his automobile by the defendant here, Carl Jorn, and the insurer claims subrogation to the rights of the injured party under the compensation law (Stats. 1913, p. 279, secs. 31, 34f).

The judgment was in favor of the defendant, and plaintiff appeals. One of the issues presented by the pleadings was contributory negligence on the part of Summers. A special verdict was submitted and returned by the jury against the plaintiff on this issue.

If this finding of contributory negligence can be sustained under the instructions and the evidence, it is conclusive in support of the verdict, and the judgment must be affirmed.

Appellant attacks the finding of the special verdict on two grounds: 1. That the evidence is insufficient to show contributory negligence; 2. That there was prejudicial error in the instructions of the court upon that issue.

The undisputed facts as shown by the record are that Summers, at the close of his day's work upon the ranch of his employer, had occasion to ride a motorcycle across a public highway which intervened between the field where he had been at work and the ranch house. This highway extended north and south. He approached it from along a roadway leading into the highway from the east, and was attempting to cross the highway to a driveway near the house on the opposite or westerly side of the highway. The entrance to this driveway connected with the highway at a short distance north of the point of intersection of the road on which he approached the crossing. According to his own testimony, he looked up and down the highway as he entered upon it and saw no vehicle excepting a wagon drawn by a team of horses or mules which was coming from the south and about forty or fifty feet from where he entered the highway. He claims that he entered upon the highway, veered his motorcycle slightly to the right toward the north so as to come opposite to the entrance to the driveway, and then crossed to the left toward his destination, when he was run into by an automobile driven by the defendant, which suddenly came upon him at a rapid rate of speed from the south, and on the westerly side of the highway, within a few feet of the entrance to the driveway.

He testifies that he saw nothing of the automobile until it was fairly upon him.

The defendant's account of the accident is that he came up the road from the south driving his automobile at a rate of about twenty-two miles an hour. That as he approached the wagon referred to he turned to the left to pass it. He saw the employee, Summers, enter the highway from the east and turn his motorcycle to the north, and going at a speed of about ten miles an hour; that he supposed the motorcyclist was going on up the highway toward the north, and that he continued to the left, intending to pass him. That suddenly, without giving any signal or warning, the motorcycle was turned to the left and ran into defendant's machine, with the resultant injuries to the rider. The defendant's version of the occurrence is corroborated by the testimony of a companion who was with him in the automobile.

[1] We think under this state of the testimony the jury was justified in finding in favor of the defendant on the issue of contributory negligence.

The conflict in the evidence, if there is any, must be resolved in support of the verdict. The fact, as testified to by the employee himself, that he crossed the intersection of the highway without seeing this approaching automobile is a circumstance against him. The view to the south was unobstructed but for the team and wagon, and this could have obscured an automobile approaching at a rapid speed but for an instant. He did not take a second look and did not become aware of the automobile until it was upon him. His course, as testified to by defendant and his witness, was such as to justify them in the conclusion that he was going north on the highway, and his turn to the left to enter the driveway, without again looking and without a signal, was evidence of negligence upon which the jury could properly base its verdict and special finding.

It might be questioned under the evidence in this case if actionable negligence existed on the part of the defendant, but that becomes immaterial in view of the finding that the injured employee contributed proximately to the accident by his own negligence.

[2] The second assignment of error bearing upon the finding of contributory negligence arises upon an instruction

of the court in submitting the special issue to the jury. This issue was submitted in the following words: "Was Earl Summers guilty of negligence that contributed directly or approximately to the collision?" The use of the word "approximately" for "proximately" was doubtless a clerical error. Standing alone it might be misleading and prejudicial.

But the court had just previously instructed the jury that the pleadings had "raised the issue that the said Earl Summers contributed to the direct and proximate cause of said accident by his own negligence" and as to what facts under the testimony they could consider in reaching a verdict on that point, and that if they found such to be the facts and that they contributed "directly or proximately" to the collision, then they should find said Summers guilty of contributory negligence.

Elsewhere in the instructions the jurors were told, as to alleged negligence of the defendant, that "lack of ordinary care which is the proximate cause of the injury" constitutes grounds of recovery and that he would be liable for the injury if his acts were the "direct and proximate cause thereof," and proximate cause was defined as "negligence at the time of the injury which was its direct and controlling cause."

In view of the many references in the instructions to "direct and proximate cause of the injury" as the basis of liability, it is altogether improbable that the jurors were misled by this error, even if they noticed the variation in the terms used. In common parlance, the two words "proximate" and "approximate" are used interchangeably and the dictionaries give them as synonyms. It is true, however, that the word "proximate" has a distinct and separate legal significance, but in view of the explicit instructions making the negligence to depend upon the "proximate" cause, the jury could not well have been misled by the substitution of the word "approximate" in the submission of the special issue. The courts have frequently held such an interchange of these terms in instructions without prejudice. (*Brooks* v. *Muncie & P. Tr. Co.*, 176 Ind. 298, [95 N. E. 1008]; *Choctaw O. & T. Ry. Co.* v. *McLaughlin*, 43 Tex. Civ. App. 523, [96 S. W. 1091];

186 Cal.—50

*Pledger* v. *Chicago, B. & Q. R. Co.,* 69 Neb. 456, [95 N. W. 1060].)

In the absence of any showing of actual misleading of the jury, the error complained of may be properly disregarded under section 4½, article VI, of the constitution.

In the face of the finding on this special verdict the general verdict of the jury could have been no other than it was, and it is unnecessary to pass upon the several assignments of error involving the various rights and liabilities of the parties arising under the Workman's Compensation Act.

The judgment is affirmed.

Wilbur, J., Shurtleff, J., Lennon, J., Shaw, J., Lawlor, J., and Angellotti, C. J., concurred.