JOSEPH SULLIVAN *vs.* WILLIAM P. CROWLEY.

Plymouth.   October 9, 1940. — October 31, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Agency*, Scope of authority. *Practice, Civil*, Ordering verdict; Opening statement to jury; Exceptions: contents of bill, what questions open.

The mere facts that a bartender, in charge of a tavern for the proprietor, gathered some papers, placed them under the foot of a customer who was asleep at a table and "started a little blaze" which resulted in injury to the customer, would not have warranted a finding that in so doing the bartender was acting within the scope of his employment.

On an exception to the ordering of a verdict for the defendant upon the plaintiff's opening address to the jury, not contended by him to be an incomplete statement of facts on which he relied, the plaintiff was not entitled to rely in this court upon an alleged violation by the defendant of a regulation of a State board where no mention of such regulation appeared in the opening address or in the bill of exceptions.

TORT. Writ in the Second District Court of Plymouth dated March 2, 1939.

On removal to the Superior Court, the action was tried before *Forte*, J.

*A. F. Lyon*, for the plaintiff, submitted a brief.

*J. J. Sullivan*, for the defendant.

DONAHUE, J. The plaintiff brought this action to recover damages for personal injuries received by him on the premises of the defendant. Following the opening address of the plaintiff's counsel to the jury, on motion of the defendant the judge directed a verdict in his favor. To this the plaintiff excepted.

The plaintiff does not here contend that the statement of his counsel to the jury was not a complete statement of the facts on which he relied. See *Mulvaney* v. *Worcester*, 293 Mass. 32, 33. His contention here is that an act of

an employee of the defendant which caused his injury "was within the apparent or real scope of his employment for which the defendant is liable."

The facts stated by counsel for the plaintiff in his opening address to the jury are here summarized. The defendant owned and operated a "tavern" where alcoholic beverages were sold. The plaintiff entered the· defendant's "tavern" one evening, purchased a glass of beer, sat down at a table, and drank it. Later he bought another glass of beer, again sat down at the table, and had consumed a part of the beer when he "dozed off to sleep." Thereupon the bartender, who was an employee of the defendant and in charge of the premises, with another "patron" of the tavern gathered some papers, placed them under the foot of the sleeping plaintiff, and "started a little blaze." As a result, the plaintiff's trousers caught fire, his leg was seriously burned, medical attendance was required, and he was unable to return to his work for five weeks.

At the time of the plaintiff's injury the defendant's premises were in charge of the bartender. It does not appear that the defendant was present. There was nothing in the statement of facts made by the plaintiff's counsel in his opening to warrant a finding that the acts of the bartender which caused the plaintiff's injury had any connection with the work he was hired to do. In doing it he was not acting in the interest or for the benefit of his employer. The act was done solely for a purpose of his own. Since he was not acting within the scope of his employment the defendant was not liable for the consequences of his act. *Walton* v. *New York Central Sleeping Car Co.* 139 Mass. 556. *Bowler* v. *O'Connell*, 162 Mass. 319. *Fairbanks* v. *Boston Storage Warehouse Co.* 189 Mass. 419. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573. *Ciarmataro* v. *Adams*, 275 Mass. 521.

The alcoholic beverages control commission, established by St. 1933, c. 120, § 2 (inserted in G. L. [Ter. Ed.] as c. 6, § 43), was directed by G. L. (Ter. Ed.) c. 138, § 24, as appearing in St. 1933, c. 376, § 2, to make with the approval of the Governor and Council, various "regulations," including a regulation for the "proper and orderly conduct

of the licensed business" of selling alcoholic beverages. The plaintiff contends in his brief that the commission had made the regulation that: "No licensee for the sale of alcoholic beverages shall permit any disorder, disturbance or illegality of any kind to take place in or on the licensed premises. The licensee shall be responsible therefor, whether present or not." But no mention of the making of such a regulation by the board was included in the opening address of the plaintiff's attorney to the jury, nor does the fact that the commission had made such a regulation appear in the bill of exceptions, which states: "All the facts and evidence material to the questions involved are herein contained." Since the record does not show that this regulation was made by the board, we are not called upon to consider what would be the effect of the violation of such a regulation. See *Fox* v. *Pallotta*, 274 Mass. 110, 113; *Cook* v. *Cole*, 273 Mass. 557, 564; *Commonwealth* v. *Crane*, 158 Mass. 218.

*Exceptions overruled.*