Rowe, J.
This is an action of contract to recover $801.79 for ale and lager sold and delivered. The plaintiff’s declaration contains several hundred items on an account annexed, the total charges amounting to $6057.21 and total credits amounting to $5255.42, leaving a claimed balance due of $801.79. At the trial the plaintiff was allowed to add two more items making the total amount claimed to be due of $817.79 instead of $801.79. The defendant’s answer is a general denial, a plea of payment and “for further answer the defendant says that the agreement between the plaintiff and the defendant upon which this action is based was in violation of the statutes regulating the sale of such merchandise or in violation of the Rules and Regulations made in accordance with the provisions of such statutes, and said *416 agreement was therefor illegal and against public policy and void.”
The trial judge found for the plaintiff. The plaintiff during all the time covered by these transactions was a wholesaler of alcoholic beverages and held a license as such. ■ The defendant held a license as a retail vendor of such beverages during the same period.
Passing the suggestion of the plaintiff that, by the manner in which the defendant raises some points, questions sought to be raised are merely relative to a discretionary motion for a new trial, the defendant seeks to raise, and we consider the following three questions: (1) Was the contract illegal and unenforcible because of violation of Gf. L. c. 138, see. 25 as appearing in Acts of 1933 c. 376, see. 2! (2) Was the contract illegal and unenforcible because of violation of Regulation 13 of the Alcoholic Beverage Control Commission as to price agreement? (3) Was there error relative to the action of the trial judge as to the defendant’s request that there was sufficient evidence to warrant a finding for the defendant?
(1) The defendant contends that there was a violation of said section 25 of Chapter 138, which reads as follows: “It shall be unlawful for any licensee under section twelve or fifteen to lend or borrow money or receive credit, directly or" indirectly, to or from any manufacturer, wholesaler or importer of alcoholic beverages, and for any such manufacturer, wholesaler or importer to lend money or otherwise extend credit except in the usual course of business and for a period not exceeding ninety days, directly or indirectly, to any such licensee, or to own, acquire, or retain, directly or indirectly, any interest in the business,of any such licensee. The commission may revoke the license of any licensee who in its opinion is violating this section or participating in such a violation.”
*417 The violation claimed is that there was an extension of credit for a period of over 90 days. The report on this point states that during the cross-examination of the plaintiff’s office manager, “the attorney for the plaintiff admitted that the plaintiff had extended credit to the defendant for a period of more than 90 days for deliveries made beginning with March 5, 1938, during which time 88 half barrels of beer were delivered by the plaintiff to the defendant.” The defendant’s brief says “this admission by the plaintiff’s counsel is conclusive and binding on the plaintiff on this point. No question of fact is left for the trial judge to decide.” In other words that the contract is void as matter of law. The plaintiff’s declaration contains several hundred items as an account annexed of debits and credits beginning with 1936 and concluding with 1940.
If the contract had been one which provided for the excessive extension of credit it would have been illegal and unenforcible. Sullivan Inc. v. Cann’s Cabins, Inc., 309 Mass. 519. But the admission of the plaintiff’s attorney did not go as far as is claimed by the defendant.
In the statement of counsel there was not anything which stated facts that as matter of law made the contract as agreed upon contrary to the statute. It well might be, for all that appears in the statement of the plaintiff’s attorney, that the agreement in effect, required payments within the proper time, that such above mentioned payments were not made when they should have been made, and that by indulgence merely, to a good, but slow paying customer, they were allowed to go beyond the required time without the bringing of suit. If it was a mere matter of indulgence by the creditor to the debtor, but without contractual obli gation, that later indulgence would not relate back and cause the contract, valid when made, to now become illegal, by reason of the subsequent indulgence.
*418 As the trial judge was not obliged á's matter of law to decide that there existed, by reason of the above quoted statement of the plaintiff’s attorney, a contract which was void, there was no error on his part, so far as this point is concerned, in finding for the plaintiff.
(2) The defendant contends that there was a violation of Regulation 13 of the Alcoholic Beverages Control Commission in that while the plaintiff was to sell the beer to the defendant for $7.50 a half barrel it was to bill him at the price of $8 per half barrel and to refund him the sum of fifty cents on each half barrel.
The report states that this Regulation 13 was not introduced in evidence, but was merely argued at the close of the trial. To protect his rights for opportunity of bringing the question before the Appellate Division the defendant should have introduced this regulation in evidence, a thing he did not do. Finlay v. Eastern Racing Asso. Inc., 308 Mass. 20. Sullivan v. Crowley, 307 Mass. 189.
(3) The defendant’s next contention is that there was error committed relative to his request that “there is sufficient evidence in this case to warrant a- finding for the defendant.” The action by the trial judge thereon was, ‘1 there may be but I do not so find.’ ’
Thus, in effect, the trial judge granted the request for ruling of law, of which the defendant has no ground of complaint (Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318) and then stated that he did not so find.
As was stated in Dubois v. Goldstein, 277 Mass. 139, 140, “the granting of these requests for ruling of law Avas not incompatible with the facts found. They do not imply a finding of the facts to which they were applicable. Having granted these requests from the viewpoint of the defendant, it was still his duty to find the facts as in his opinion the evidence required. In this there was no error of law.’’
Report dismissed.