*Municipal Court of the City of Boston*

No. 128984

### JACOB STAIKOVISKY

v.

### MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

(October 22—October 28, 1965)

*Present*: Adlow, C. J., Shamon & Glynn, JJ.
Case tried to *Brown, Sp. J.*

*Adlow, C. J.* Action of tort to recover damages for an assault and battery.

*There was evidence that* on January 27, 1965 the plaintiff became a passenger on a bus of the defendant Authority at a stop opposite Boston University on Commonwealth Avenue in Boston; that as he boarded the bus

he remarked to the driver that on previous days he had driven by without giving him an opportunity to get on, and that an argument ensued; that thereafter the plaintiff moved down the aisle toward a seat; that the bus driver called to him to stop, got off his seat, moved to the plaintiff, grabbed him and struck him.

The court found as a fact that the assault was committed as alleged, but refused to rule as requested by the plaintiff that, "If the plaintiff was assaulted as alleged, the defendant could be found liable." The court refused to so rule "because the driver was not in the usual course of his employment. A frolic of his own." Being aggrieved by this ruling the plaintiff brings this report.

On the conceded facts it was error to find that the assault did not occur in the usual course of employment of the bus driver.

[■] Principals have been exonerated from responsibility where those appearing to act in their behalf were not under their control. *Burnham v. Collateral Loan Co.,* 179 Mass. 268.

■ Or where the assault was committed by an agent while engaged on a frolic of his own. *Sullivan v. Crowley,* 307 Mass. 189.

■ In cases involving carriers, however, the rule of respondeat superior has been strictly applied. *Bryant v. Rich,* 106 Mass. 180; *Jackson v. Old Colony St. Ry.,* 206 Mass. 477, 483; *Hull v. Boston & Maine RR.,* 210 Mass. 159. The principle is based on the

theory that a carrier owes a special duty of care to passengers. Mechem on Agency, (2d Ed.) Vol. 2, p. 1501.

█ While the duty to carry passengers safely and without abuse from the carrier's servants or agents stands on special grounds, the general rule in this Commonwealth today, as applied to assaults by servants or agents in ordinary situations, is equally severe on the master. *Mason v. Jacot,* 235 Mass. 521; *Hartigan v. Eastern Racing Assn., Inc.,* 311 Mass. 368; *Schulz v. Purcell's, Inc.,* 320 Mass. 579; *Cowan v. Eastern Racing Assn., Inc.,* 330 Mass. 135; *Rego v. Thomas Bros. Corp.,* 340 Mass. 334.

█ The court explained its refusal to find for the plaintiff on the ground that the defendant's servant was on "a frolic of his own". This was clearly wrong. We see no analogy whatever between the cause under review and the facts in *Sullivan v. Crowley, supra,* 307 Mass. 189. In that case a playful bartender gave an intoxicated patron, who was dozing, what is popularly known as the "hot foot". This was clearly a prank. In the light of later decisions it is doubtful whether this decision would serve to exonerate a master in a similar situation today.

In the case of a carrier, where the passenger retains the character of passenger by remaining on the bus, there is a duty to protect him, and failing in this, the carrier is clearly liable.

*Finding for defendant vacated; cause to be retried.*

William C. Rosen, of Boston, for the Plaintiff.

Thomas L. Sullivan, of Jamaica Plain cited for distinction: *Fanciullo v. B.G. & S. Amusement Corp.*, 297 Mass. 46, 47 (Theatre operator held liable for assault by usher on boy patron); *Kowolczyk v. Murphy*, 295 Mass. 551, 555 (Defendant's employee, because he was late and wanted to go home, asked boy to help him by going up high and stirring mash. Boy fell into the mash and was drowned. Employer not liable. Employee's act was for his own convenience and outside scope of employment.); *Stager v. G.E. Lothrop Theatres Co.*, 291 Mass. 464, 466 (Theatre operator liable for assault by special police officer who used excessive force in removing patron after license growing out of purchase of ticket had been revoked); *Robinson v. Doe*, 224 Mass. 319, 322 (Circus owner liable for employee's throwing brick at boys and injurying man leaning against a fence on a public street sixty feet away. Employee with others, while attempting to take down tent, were being annoyed by the boys.); *Levi v. Brooks*, 121 Mass. 501, where master ordered his servants to go to plaintiff's house and remove certain furniture and, when the plaintiff objected to the removal, she was struck by one of the servants. The court in holding defendant liable said at page 505:

> "The test of liability of the master is, that the act of the servant is done in the course of doing the master's work, and for the purpose of accomplishing it. If so done it is the act of the master, and he is responsible 'whether the wrong done be occasioned by negligence, or by a wanton and reckless purpose to accomplish the master's business in an unlawful manner.' *Howe v. Newmarch*,

[12 Allen 49] and cases cited; *Barden v. Felch,* 109 Mass. 154; *Hawes v. Knowles,* 114 Mass. 518."