[Civ. No. 226. Fourth Appellate District.—June 16, 1930.]

MRS. COLLINS HARDIN, Appellant, v. FRED A. SUTHERLAND et al., Respondents.

474

Dean Sherry, James Roche, Ivan Kelso and Clifford P. Grua for Appellant.

Arthur F. H. Wright for Respondents.

AMES, J., *pro tem.*—This is an action for personal injury and property damage. On the fifth day of July, 1926, at the hour of about 5 o'clock in the afternoon, appellant was riding in an automobile belonging to the Los Angeles Building Trades Council, and which was being driven by her husband, Collins Hardin, in a northerly direction on a public highway between TiaJuana, Mexico, and the city of San Diego, in San Diego County. The respondent was engaged in operating a line of motor-stages between the city of San Diego and TiaJuana. While the Dodge car, in which appellant was riding, was proceeding along the highway in a line of traffic, an automobile stage, operated by an employee of respondent, collided with the Dodge car from the rear, resulting in a personal injury to appellant, damaging her clothing and the automobile in which she was riding. The owner of the car assigned its cause of action for property damage to appellant.

This action is, of course, predicated upon the negligence of the driver of the stage. In its answer, respondent denied negligence on his part and pleaded as an affirmative

defense contributory negligence on the part of appellant in several particulars, some of which are hereinafter discussed. The case was tried before the court without a jury, and the court found that while the negligence of the driver of the stage was a proximate cause of the accident, that the negligence of Collins Hardin, the husband of appellant, was also a proximate cause of and contributed to the accident and the resulting damage to appellant and her assignor. Appellant in her brief attacks five separate findings of the court and argues "that the court erred" in respect to such findings, but she fails to point out whether or not such errors consisted of the insufficiency of the evidence to support such findings, or whether the findings are erroneous as a matter of law. However, we have examined the record in the case for the purpose of ascertaining whether or not the findings are supported by the evidence. Obviously if any one of the findings of which the appellant complains is supported by the evidence and supports the judgment and is correct as a matter of law the judgment must be affirmed and it will only be necessary to discuss such findings as we deem controlling in this respect.

Since the evidence was in sharp conflict it will be necessary to briefly set out what the evidence tending to support the findings, which we will discuss, tended to prove. This we will proceed to do with as much brevity as the circumstances of the case will permit.

R. T. Settle, the driver of respondent's stage at the time of the accident, testified in substance as follows: That he was driving northerly in the line of traffic at a speed of from twenty to twenty-five miles per hour. For some distance, prior to the time of the accident, the stage had been following behind the Dodge car at a distance of from twenty to twenty-five feet, both of which vehicles had been maintaining their respective positions in the line of traffic; that there were four or five vehicles proceeding northerly ahead of the respondent's stage; that he had been driving his stage on the right-hand side of the road, while appellant's car was being driven between the edge and the right-hand side "up toward the crown of the road which would be the middle—he (referring to the driver of appellant's car) was not very close to the edge of the road"; that the Dodge car was three or four feet from the right-hand side of the

highway. Witness' attention to any deviation in the course traveled by the Dodge car, or any diminution of its speed is described by him as follows: "The first movement that I noticed was a little to my left, I heard the screeching of the brakes—you see—and I noticed this Dodge—it seemed to keep on—I kind of tried to swing over and put on my brakes—jammed on both brakes as quick as I could." At that time he testified that the Dodge car was a little to the left "just a shade over the line." He described the movement of the Dodge car, immediately preceding the accident, in the following language: "The machine was out to one side; it looked to me as though he tried to go around the traffic; the Ford car stopped right in front of me; when I heard his brakes, I came back in front of him; I hit him with the left front fender—the left front corner of my stage, on his right rear." (The Ford car above referred to was preceding the Dodge car in the line of traffic.) He further testified that after the driver of the Dodge car had applied his brakes, he began to pull his machine farther off to the right and at the time of the impact the Dodge car seemed to be going diagonally off toward the right-hand side of the highway and a little to the right of the line of traffic; that the speed of the Dodge car had been reduced to about ten or twelve miles per hour and that at the time of the impact the speed of the stage had been reduced to not over fifteen miles per hour; that after he saw that a collision was imminent he·saw a car in front of the Dodge stop; that he did not see any stop signal and did not see the driver of the Dodge car extend his hand or arm indicating a reduction of speed.

There is some evidence on the part of appellant which tends to show that the respondent's stage had been passing cars and had been "cutting in" and was about to pass the Dodge car in which appellant was riding, but this is denied by witness Settle, and his testimony is corroborated by that of witnesses Silliman and Horall, traffic officers, who passed the two vehicles involved in this collision, while traveling southward but a few seconds before the collision occurred, and testified that both of the vehicles were maintaining their respective positions in the line of traffic and were both traveling at the rate of from twenty to twenty-five miles per hour.

478

Appellant testified that she did not see the driver of the Dodge car make any signal indicating his intention to stop or retard the speed of the Dodge car, but that the car was equipped with a red stop-light upon its rear end which automatically flashed a red light displaying the word "stop" when the foot-brake was applied; that she observed such stop-light was in good working order when she left TiaJuana a short time before the accident. It is admitted that immediately prior to the time of the collision, the Dodge car had been following the preceding car in the line of traffic at a distance of from ten to twelve feet. That the negligence of appellant's husband, the driver of the car, is to be imputed to her, if such negligence was a proximate cause of the accident, is not denied by appellant and will require no further discussion here.

Subdivision D of finding two, which is assigned as error by the appellant, is as follows:

"That at the time and place in question said Collins Hardin was driving said automobile in a northerly direction at a point on the public highway in the county of San Diego, California, about two miles south of Palm City, California, and at a place outside of a business or residence district; and that at said time and place said Collins Hardin negligently and carelessly drove, managed and operated said automobile in that he then and there, with his said automobile, negligently and carelessly followed another automobile, which was at said time being driven in a northerly direction upon said public highway, closer than fifteen feet; and that said Collins Hardin then and there negligently and carelessly drove, managed and operated his said automobile along said highway at a distance less than fifteen feet behind said other automobile proceeding in a northerly direction."

In view of the admissions of appellant and the uncontradicted evidence in the record that the Dodge car was following the preceding car at a distance of less than fifteen feet, it cannot be contended that the evidence does not support this finding. ■ But appellant contends that even though this is true, that it was not the proximate cause of the accident. Section 127a of the Vehicle Act [Stats. 1923, p. 558] is as follows:

"The driver of a motor vehicle shall not follow another vehicle or an animal or person closer than fifteen feet when upon any public highway outside of a business or residence district."

Had the respondent, so argues the appellant, maintained a distance of fifteen feet from the preceding car, as prescribed by law, that the distance between the appellant's car and the stage would have been materially reduced and that the hazard of the collision would have been increased. But the argument assumes that the stage driver would have proceeded at the same rate of speed which he was then maintaining and would have placed his stage within an unsafe distance in the rear of the Dodge car. There is no evidence in the record that the driver of the stage was, at any time, preceding the accident, driving his vehicle in too close proximity to the preceding one, and such an assumption is, we believe, unwarranted by the evidence.

A long line of decisions in California has established the rule that the failure of a person to perform a duty imposed upon him by law is negligence *per se;* and if such negligence proximately contributes to his injury he cannot recover. This presumption is not conclusive but may be overcome by evidence that the failure was excusable or justifiable under the circumstances and not inconsistent with the exercise of due care. (*McKune* v. *Santa Clara Valley Mill & L. Co.,* 110 Cal. 480 [42 Pac. 980]; *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 Pac. 675]; *Schimoda* v. *Bundy,* 24 Cal. App. 675 [142 Pac. 109].)

Appellant contends that this court should hold, as a matter of law, that appellant was not guilty of contributory negligence with respect to the finding now under discussion, and referring to the cause of *Giorgetti* v. *Wollaston,* 83 Cal. App. 358 [257 Pac. 109], says: "In a recent case where the appellant stopped his car on the paved portion of the highway at night and negligently failed to have the tail-light burning, such violation of the law was held *not* to be such negligence as contributed to the injuries received when plaintiff's car was struck from the rear by an approaching machine."

But this case does not hold under the evidence that the act of the defendant (in *Giorgetti* v. *Wollaston*) can be con-

strued as negligence as a matter of law. The court says: "Whether the failure to remove the vehicle entirely from the pavement was excusable under the circumstances, or if not, whether such failure or the omission to maintain a tail-light proximately contributed to the injuries, were questions which in view of the evidence were properly submitted to the jury."

In the case of *Gornstein* v. *Priver*, 64 Cal. App. 249 [221 Pac. 396, 399], involving a rear-end collision, the Vehicle Act in effect at the time that the accident occurred, contained a provision similar to section 127a of the act now in effect, and the court in that case says:

"The mere fact that he does run down the vehicle ahead of him furnishes some evidence that either he was traveling at too high a rate of speed for a highway crowded with other vehicular travel or that he was following too closely the machine ahead of him. (See *O'Connor* v. *United Railroads*, 168 Cal. 47 [141 Pac. 809].) True, the mere fact that a vehicle is moving in close proximity to another one ahead of it, and keeping up with it, does not of itself constitute negligence *per se;* but whether in any particular case the operator of the rear vehicle is negligent if he drives his machine so as to cause a collision with the one ahead depends upon all the circumstances surrounding the happening of the accident, and almost invariably presents a question of fact for the decision of the jury or of the trial judge, where, as here, the case is tried without a jury."

We are of the opinion that in view of all the circumstances in this case, the position of the respective vehicles in the accident and the movements of the Dodge car immediately preceding the accident, that the question as to whether the violation of section 127a of the Vehicle Act was a proximate cause of the accident, becomes a question of fact for the court and the finding will not be disturbed.

As a further attack upon this finding, the appellant contends that it does not correspond to any defense which was pleaded in the answer or to the original amendment thereto but that at the conclusion of the trial the court upon its own motion permitted a second amendment to the answer to be filed in which the defense of contributory negligence embraced in subdivision D of finding two is pleaded and was then for the first time introduced into the pleadings in the

case. The appellant argues, in effect, that since the defense of contributory negligence is an affirmative one and was not embraced in any of respondent's pleadings prior to the trial that appellant should not have been compelled to combat that theory of the defense. But it appears from the record that all of the evidence with respect to the proximity of the Dodge car to the vehicle preceding it, was introduced at the trial without objection as to its competence or relevancy, and that the amendment to the answer, which was authorized by the court was so authorized for the purpose of conforming the pleadings to the proof adduced at the trial. The order authorizing the amendment was made without objection on the part of appellant and we are of the opinion that this objection cannot be raised for the first time on appeal.

Appellant next attacks finding subdivision E of finding two, which is as follows:

"That the said Collins Hardin, then and there, negligently and carelessly stopped the automobile he was driving without giving any notice, warning or signal of an intention to do so, and at a time when it was unsafe and dangerous so to stop the same."

That the husband of appellant retarded the speed of the automobile prior to the collision without extending his hand as required by section 130a of the Vehicle Act is not denied by appellant, but she contends that the failure of the driver of said car to extend his hand as required by section 129a of the Vehicle Act did not contribute proximately to the accident. She further contends that the signal, which she contends was displayed by the stop-light with which the Dodge car was equipped, was a sufficient signal to the driver of the stage of his intention to retard its speed, but the evidence is conflicting as to whether or not the "stop-light" flashed its signal at the time of the accident; however, assuming that the "stop-light" did convey its signal to the driver of the stage, there is no evidence in the record that it was such a mechanical or electrical device which had been examined and approved by the division of motor vehicles of the state of California as required by subdivision b of section 130 of the Vehicle Act, and will therefore not excuse appellant for failure to observe subdivision a of that section.

The driver of the stage testified that his attention to any change in the course of the Dodge car, and any reduction of its speed was first called to his attention by the noise produced by the application of its brakes. But we cannot say, in view of all the circumstances surrounding the accident, that, had the driver of the Dodge car extended his hand as required by law at the instant when he saw that a reduction of speed was necessary, that the driver of the stage would not have had a more timely warning. We think that the question as to whether or not the failure of the driver of the Dodge car to extend his hand was a proximate cause of the accident is, like other questions of fact in this case, one to be determined by the court. Appellant, quoting from *Forrest* v. *Fink*, 71 Cal. App. 34 [234 Pac. 860, 861], says:

"A practical and reasonable construction of the provision (referring to a provision of the Vehicle Act then in force similar to the provision now under discussion) would not require the driver of a vehicle upon every deviation from a direct course ahead to look back to ascertain the condition of traffic behind him."

But the evidence in that case was in sharp conflict as to whether or not the plaintiff, who was preceding the defendant on the highway, slowed down sharply or reduced his speed gradually and failed to give the signal required by law. And the court approved an instruction given to the jury that it was the duty of a driver about to stop a motor vehicle, or to abruptly or suddenly check its speed, to extend his hand and arm as provided by law and that a failure so to do is *prima facie* evidence of negligence when an accident results. Under the conflicting evidence in that case it was held that the question of fact was properly left to the jury. And to the same effect is the case of *State Compensation Ins. Fund* v. *Jorn*, 186 Cal. 782 [200 Pac. 624]. This finding, for the reason herein given, will not be disturbed.

What we have said with respect to the other findings complained of, applies to appellant's attack on finding 2b, which is as follows: "That the said Collins Hardin, then and there, negligently and carelessly drove, managed and controlled said automobile, and negligently and carelessly

caused and allowed it to be struck by the automobile stage of said defendants.''

Apparently it is the contention of appellant that the driver of respondent's car owed no duty to keep a lookout for the safety of traffic in the rear of his automobile. Whatever duty a motorist may owe to drivers of other vehicles which may be following him would be governed to a large extent, upon the surrounding circumstances and particularly with reference to the condition of traffic on the highway. Subdivision (a) of section 130 of the Vehicle Act enjoins upon the driver of any vehicle upon a public highway a duty of first seeing that the act of starting, turning or stopping the same can be made in safety before proceeding to do so, and if such a movement cannot be made in safety, it is his duty to wait until the same can be so accomplished. In support of this contention appellant quotes from *O'Connor* v. *United Railroads, supra,* as follows:

"Naturally, in the observance of ordinary care his duty would be to look ahead of him so as to avoid a collision with those in advance of him. They have the right to expect that he shall do so and as all travelers owe reciprocal rights to each other, he, too, has a right to expect this from those approaching from behind, no matter in what capacity they are using the street.''

But following that portion of the opinion from which appellant quotes, the court further says:

"The fact that he did not look back again did not *per se* constitute negligence: What amount of vigilance was requisite to constitute reasonable care upon the part of plaintiff and whether he exercised it while driving along the street was to be determined by the jury, not alone from what he did in the way of looking but from the consideration of reciprocal rights of parties on the highway.''

Our courts have held that where the condition of traffic upon a highway is such that a sudden change in course or reduction of speed of an automobile will endanger vehicles following the same, the driver of such automobile owes to the occupants of the following vehicles the duty of handling his own with such a degree of reasonable care as not to jeopardize their safety.

In the case of *Putnam* v. *Pickwick Stages, Northern Division*, 98 Cal. App. 268 [276 Pac. 1055], the court instructed the jury that it was the duty of the driver of defendant's stage "to have kept a vigilant lookout for vehicles ahead for the purpose of preventing driving against or striking same." Appellant complained of this instruction because "it suggested to and left with the jury the impression that a higher degree of care in that respect was required of defendant than of plaintiff"; but the court says:

"Although we agree with the contention of defendant to the effect that while the instruction in itself is not improper and while the defendant's driver was in duty bound to keep a vigilant lookout for vehicles ahead to avoid striking them, there was a corresponding duty so to do on the part of plaintiff, in view of the fact that the rule as thus declared was in effect given to the jury by the court in other instructions, coupled with the further fact that defendant did not ask for an instruction that such duty also applied to plaintiff, defendant cannot complain that none was given." (To the same effect is *Noce* v. *United Railroads*, 53 Cal. App. 512 [200 Pac. 819].)

In the case of *Collins* v. *Marsh*, 176 Cal. 639 [169 Pac. 389], it was held that the jury in passing on the issue of negligence must take into consideration all of the facts and circumstances surrounding the particular transaction. That one of such facts and circumstances was, whether or not the accident occurred in a secluded district where there was little traffic, or in a business district where it was more congested. The finding will not be disturbed.

The judgment appealed from is affirmed.

Marks, Acting P. J., and Barnard, J., concurred.