[Civ. No. 1090. Fourth Appellate District.—November 7, 1934.]

HARRIET BINFORD, Respondent, v. ADELAIDE PURCELL, Appellant.

Edward J. Kelly for Appellant.

Fred A. Steiner for Respondent.

MARKS, J.—Plaintiff and defendant had been friends for a number of years, and on December 9, 1930, were college classmates. On the afternoon of that day plaintiff was riding in the automobile of defendant south on First Street in the city of San Diego. At a point on the west side of First Street, about fifty feet south of A Street,

the automobile driven by defendant came into collision with an automobile driven by R. B. Smith and a second car which was parked at an angle of about forty-five degrees to the west curb of First Street. Plaintiff's head went through the windshield of defendant's car and she received the injuries which form the basis of this action.

The action as originally filed sought damages from Adelaide Purcell and R. B. Smith. The case was tried before the trial judge sitting without a jury. He found Smith free from any negligence, and found Miss Purcell guilty of gross negligence which proximately caused the injuries of plaintiff and awarded her damages in the sum of $6,076. These were reduced to $4,000 on the motion for new trial.

The following questions are presented on this appeal: 1. Does the evidence support the finding that defendant was guilty of gross negligence which proximately caused the accident? 2. Was plaintiff guilty of contributory negligence? 3. Are the damages excessive?

█ We have studied the record and find the evidence sharply conflicting. There is evidence supporting the contention of defendant that just prior to the accident she was driving south on First Street at less than fifteen miles an hour and in a careful and prudent manner; that the Smith car suddenly left its position where it was parked at an angle of about forty-five degrees to the west curb of First Street and without warning backed into the front of defendant's car causing the accident. The trial court did not accept this evidence as true and found against this theory.

The evidence supporting the findings and judgment may be summarized as follows: First Street and A Street intersect each other at right angles. First Street is fifty-two feet in width between curbs and A Street probably about fifty feet between curbs. First Street descends to the south on the following grades: North of A Street, 2.8 per cent, across A Street, 3 per cent, and south of A Street, 3.4 per cent. Defendant drove her automobile south on First Street, from a point several hundred feet north of A Street to the place of the accident, at a speed of between thirty and thirty-five miles an hour. A truck with a panel body was parked a few feet north of

the Smith car. Smith entered his automobile and backed away from the curb at a speed of between three and four miles an hour. When he had cleared the rear of the truck he saw defendant's car approaching southerly on First Street at a point some distance north of A Street. He continued backing his car and stopped when it was about parallel with the curbs of First Street. He again looked north on First Street, and when he had stopped his car, defendant's car was still north of A Street and more than one hundred feet from him. He then looked ahead as he shifted from reverse into low gear. His car was at rest between two and three seconds when defendant ran into it from the rear. He had not straightened his front wheels and the force of the impact drove his car back into the parking space it had left, over the curbing and onto the sidewalk. Defendant's car continued south and collided with another parked car.

In *Krause* v. *Rarity*, 210 Cal. 644, at page 655 [293 Pac. 62, 77 A. L. R. 1327], it is said: "The term 'gross negligence' has been defined as 'the want of slight diligence', as 'an entire failure to exercise care, or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the things and welfare of others', and as 'that want of care which would raise a presumption of the conscious indifference to consequences'. (19 Cal. Jur., p. 554; *Coit* v. *Western Union Tel. Co.*, 130 Cal. 657 [80 Am. St. Rep. 153, 53 L. R. A 678, 63 Pac. 83].) Where liability attaches only for gross negligence it is for the jury, under proper instructions by the court, to pass upon the question whether such negligence exists. (*Merrill* v. *Pacific Transfer Co.*, 131 Cal. 582 [63 Pac. 915]; 19 Cal. Jur., p. 728.)"

When we apply this definition to the facts before us we are forced to the conclusion that the finding of gross negligence is supported by the evidence. Defendant testified that she did not see the Smith car until the moment of the impact. According to the evidence in the record her car must have been at least one hundred twenty feet distant from the Smith car when it had backed from the curb and was stopped in the street in front of her. A person driving an automobile on a city street is required to anticipate that others will be using it and a vigilant lookout for them must

be maintained. That she drove her automobile for a distance of at least one hundred and twenty feet without seeing another car standing in her path, and plainly within her view, had she looked, and into the rear of that car, justifies the conclusion that she was driving with "the want of slight diligence" and with "an entire failure to exercise" that slight care which the law required of her. In other words, she was guilty of gross negligence and liable to her guest for the damages resulting therefrom. (Sec. 141¾, California Vehicle Act, in effect August 14, 1929.)

■ There is no merit in the contention that plaintiff was guilty of contributory negligence. She testified that she had some sewing and books in her lap and was looking at them and did not see the Smith car in the road. She neither exercised, nor, so far as the record shows, had any right to exercise any control over the automobile in which she was riding. Neither did she owe a duty of warning the driver of a danger of which she was not conscious. (*Krause v. Rarity, supra.*)

■ While the amount of the judgment was ample to recompense plaintiff for her injuries, we cannot say as a matter of law that its size indicates passion, prejudice or corruption on the part of the trial judge. Plaintiff received two cuts on her forehead which reached to the skull, and one cut across the top of her head. The cuts on her forehead were contused and left visible scars. Her left front incisor was knocked loose, and its nerve and the nerve in the next tooth were killed. The incisor was restored to its proper position but was noticeably discolored at the time of the trial. Both teeth will have to be removed and replaced. Plaintiff suffered considerable pain and shock to her nervous system. It is well known that some scars cause permanent disfigurement while others are gradually absorbed over a period of years. The trial judge saw the scars. From the evidence before us we cannot determine that they will not permanently disfigure the plaintiff. We cannot conclude that the judgment is excessive as a matter of law.

The judgment is affirmed. The attempted appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Jennings, J., concurred.