[Civ. No. 5594. Third Appellate District.—December 16, 1936.]

WALTER E. SINCLAIR, Respondent, v. H. L. HARP et al., Appellants.

Mannon & Brazier for Appellants.

E. S. Mitchell for Respondent.

PLUMMER, J.—Judgment was rendered for the plaintiff in this action for the amount of damages alleged to have been caused to a ''Kleiber'' truck owned and operated by the plaintiff, by reason of a collision between said truck and a ''Fageol'' truck owned and operated by the defendants. From this judgment the defendants appeal.

The appeal is also from an order denying the defendants' motion for a new trial, but as no appeal lies from such an order, that portion of the appellants' action may be disregarded.

The questions presented for consideration upon this appeal are as follows: 1st. Is the finding of the court that the driver of the plaintiff's truck was not guilty of contributory negligence, supported by the testimony? 2d. Is the

evidence sufficient to support the finding that the defendants' driver was negligent? 3d. Are the damages excessive?

The transcript exhibits the following facts:

The truck owned by the plaintiff was moving southerly on the Redwood highway when it collided in the center of the highway with the defendants' truck moving in a northerly direction. The collision occurred at about the hour of 10:30 A. M. on March 22, 1934. The truck operated by the plaintiff was engaged in transporting material to a fill on the west side of a certain portion of the highway. The place where the collision occurred is on a straightway of a few hundred feet. At both the northerly and southerly ends of the straightway there are curves in the highway. To the northbound traveler the south curve was to the right, and the north turn curved to the left. A sharp bank rose from the road on the east side, and a steep pitch dropped off from the west side of the road about 100 feet to a creek. The oiled portion of the highway was 18 feet wide with shoulders on each side of the width of 2 feet. The road was about a two or three per cent upgrade for the northbound traveler,—the course being followed by the defendants' truck.

As stated, the truck operated by the plaintiff was hauling dirt to be dumped over the west edge of the fill on the straightway portion of the road. After the truck operated by the plaintiff had been filled with dirt to be transported southerly to the point where it should be dumped, the truck moved slowly along the easterly portion of the highway. There was no flagman present to halt the truck operated by the defendants. When only a short distance separated the two trucks, the driver of the plaintiff's truck without signal and without giving any warning whatsoever, and with full knowledge, as he testified, turned in a southwesterly direction at an angle of about 45 degrees immediately in front of the approaching truck operated by the defendants. The two trucks collided head-on near the center of the highway. It appears that the custom of dump-truck drivers under such circumstances is to await the passage of oncoming traffic when there is no flagman to control the movement of traffic. The testimony is to the effect that the truck, together with the trailer operated by the defendants, was proceeding northerly up the grade at a rate

of speed estimated at about 25 miles per hour. The driver of the plaintiff's truck, at the time when it was on the easterly side of the highway and in a place of safety, stated that he saw the defendants' truck approaching and estimated its speed at somewhere around 25 miles per hour; that the truck operated by the defendants was somewhere in the neighborhood of 140 feet distant when he first observed its approach, and that when said truck reached a point approximately 100 feet away, he turned to the right and drove the plaintiff's truck across the highway in front of the approaching truck belonging to the defendants when it was distant not more than 100 feet; that he did not give any sign or indication whatever of his intent to drive across the highway in front of the approaching truck operated by the defendants before attempting to cross the highway, as stated herein.

The testimony of the driver of the defendants' truck is to the effect that when he first saw the truck operated by the plaintiff, it was standing on the east side of the highway and not moving; that it was somewhere in the neighborhood of 100 feet distant; that he did not expect anything to happen; that the truck operated by the plaintiff, shortly after he first observed the same, began to move slowly along the east side of the highway, and then, without any signal or indication being given of an intent so to do, the driver of the plaintiff's truck turned abruptly across the highway when the distance between the two trucks was approximately 30 feet; that he immediately applied the brakes, but there was not sufficient time allowed for the stopping of his truck, and the collision occurred.

The testimony of the driver of the defendants' truck is corroborated by two witnesses who were riding on the defendants' truck at the time of the collision. Thus, the testimony of the driver of the defendants' truck, the testimony of two witnesses who were riding on the defendants' truck, and the admission of the driver of the plaintiff's truck is to the effect that when the plaintiff's truck was started from its position of safety on the east side of the highway, it moved a short distance and then turned abruptly in front of the truck belonging to the defendants; that no sign or indication whatever was given of the intent of the driver of the plaintiff's truck so to do, and that the driver of the

plaintiff's truck had observed the approach of the truck belonging to the defendants, and estimated its speed.

The foregoing facts stand out in the record absolutely uncontradicted. On the face of such facts is the finding that the operator of the truck belonging to the plaintiff was not guilty of contributory negligence supported by such testimony? We think the answer to this question must be in the negative.

The circumstances disclosed in this case we think bring it squarely within the rule approved in the case of *Lavin* v. *Fereira,* 10 Cal. App. (2d) 710 [52 Pac. (2d) 518]: "When a person takes no precautions at all for his own safety, and is injured, and this conclusion is uncontroverted, contributory negligence is a question to be decided by the court. (*White* v. *Davis,* 103 Cal. App. 531, 542 [284 Pac. 1086]; *Stephens* v. *Kaufmann,* 137 Cal. App. 328, 331 [30 Pac. (2d) 536].) If evidence is introduced relative to the degree of requisite vigilance, and the inferences therefrom are honestly debatable, it becomes a question of fact for the jury to determine. (*Gore* v. *Market Street Ry. Co.,* 4 Cal. (2d) 154 [48 Pac. (2d) 2]; *Salomon* v. *Meyer,* 1 Cal. (2d) 11, 15 [32 Pac. (2d) 631]; *Anderson* v. *Market Street Ry. Co.,* 116 Cal. App. 282, 285 [2 Pac. (2d) 529].)"

While no personal injury is involved in this case, it is apparent that the driver of the plaintiff's truck took no precautions whatever to avoid injury to the property under his control. With the full knowledge of the approach of the truck owned and operated by the defendants, and within a distance which made it absolutely impossible for the driver of the defendants' truck to avoid a collision, a turn was made directly in front of such approaching truck without any signal or indication whatever of an intention so to do. That such an act constitutes not only contributory negligence is not only apparent, but constitutes likewise the sole cause of the collision, appears to us as an inevitable conclusion, and that a finding to the contrary is not only not supported by the testimony, but is directly contrary thereto.

As indicating the misapprehension of the rights and duties of the parties involved in this action by the trial court, we quote from the transcript the language used in denying the defendants' motion for a new trial: "I am of the opinion

that the driver of plaintiff's truck was not guilty of contributory negligence. He had a right to assume that the signs warning traffic of men and equipment at work would be heeded, and it was not contributory negligence for him to rely upon that assumption.'' As we have. stated, there was no flagman controlling traffic. There was a signal some distance to the south of where the collision occurred, stating, ''men and equipment at work''.

No portion of the transcript has been called to our attention indicating any act of negligence on the part of the driver of the defendants' truck, nor have we discovered any testimony indicating that the driver of said truck was disregardful of the rights and safety of any men at work along the line of the road being occupied by the respective trucks.

While the court was correct in its statement that the driver of the plaintiff's truck had a right to assume that the warning of ''men and equipment at work'' would be heeded by the driver of the defendants' truck, there is no evidence called to our attention, as we have said, which shows that said warning was not heeded, but the driver of the defendants' truck was under no duty whatever to assume that the driver of the plaintiff's truck would be so disregardful of safety to person or property as to abruptly leave a place of safety and drive across the highway in front of an approaching truck at such a short distance away as to render a collision unavoidable, and to do this without giving any sign or indication of an intention so to do. It certainly is not the law that the driver of a motor vehicle must assume that some driver of another motor vehicle is going to leave a place of safety at a time when he has full knowledge of all the conditions, and place the property under his control in a situation where it must unavoidably be injured by a collision by driving in front of an approaching vehicle without giving any indication of an intent so to do, and when, by using ordinary and common knowledge the driver of a motor vehicle so going across the highway must know that a collision would in all probability result.

In support of the judgment rendered in this action the respondent relies principally upon the case of *Chaney* v. *Moore*, 101 W. Va. 621 [134 S. E. 204, 47 A. L. R. 800], and the annotations thereto, and also, the case of *State Compen-*

*sation Insurance Fund* v. *Scamell,* 73 Cal. App. 285 [238 Pac. 780]. Both these cases and the annotations referred to deal with entirely different situations. The circumstances set forth in both cases, and also in the annotations, show injuries to persons at work upon the highway, and the holding of the respective cases is to the effect that a workman upon the highway is not under the obligation to be always looking in the rear lest he be run down by an approaching motor vehicle; that it is the duty of the driver of such approaching vehicle to observe the position of the workman, and so operate his motor vehicle as not to injure such workman on the highway. With these decisions we may readily agree, but they are not applicable here.

The circumstances which we have presented not only show no negligence on the part of the driver of the defendants' automobile in colliding with one who was not observing his approach, but present the opposite situation of a driver of a motor vehicle leaving a place of safety and placing himself and the property in his charge in a place of danger, with full knowledge of all the circumstances and conditions surrounding such act, and the danger of collision so invited.

Section 130 of the California Vehicle Act as then in force and the other sections of the same act made it obligatory upon the driver of the plaintiff's truck to give some sign or indication of his intent to turn to the left across the pathway of the approaching truck, and a failure to do so constituted negligence *per se.*

While a number of cases have been cited by the appellants in support of the contentions advanced by them, it seems to us that the recent case of *Dwelly* v. *McReynolds,* 6 Cal. (2d) 128 [56 Pac. (2d) 1232], is conclusively in favor of the appellant's contentions. In that case it is squarely held that the driver of a dump-truck who turns across the highway in front of an approaching motorcyclist without giving any warning or signal, in violation of section 130 of the California Vehicle Act, is guilty of negligence as a matter of law. The facts and circumstances detailed in that case are almost identical with those with which we have been dealing.

To the effect that a driver of an automobile is guilty of negligence *per se* in failing to give the signals required by

173

the California Vehicle Act as it existed at the time of the collision referred to herein, we may cite the case of *Cadwell* v. *Anschutz,* 4 Cal. (2d) 709 [52 Pac. (2d) 916].

It follows necessarily from what we have said and from what the transcript shows, that no further contentions of the appellant need be considered that the judgment of the trial court should have been that the plaintiff take nothing by reason of the action.

It is therefore ordered that the judgment of the trial court be, and the same is hereby reversed, with directions to enter judgment in favor of the defendants for their costs.

Pullen, P. J., and Thompson, J., concurred.