[Civ. No. 10662. First Appellate District, Division Two.—June 14, 1938.]

JOHN DONAHUE, Respondent, v. SANTOS MAZZOLI et al., Appellants.

Donald C. Young and Charles V. Barfield for Appellants.

James C. Purcell and William E. Ferriter for Respondent.

STURTEVANT, J.—In an action to recover damages for injuries sustained in an automobile collision the trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendants appealed. The defendant Ferrari was the owner and the defendant Mazzoli was the driver of a truck with which the plaintiff's car collided. They contend that the defendant Mazzoli was not negligent and that the plaintiff was, as a matter of law, guilty of contributory negligence.

The accident happened near the corner of Norton and Mission Streets in San Francisco at about 4:30 P. M. on August 26, 1936. It was clear and the streets were dry. Both parties had entered Mission Street some distance to the north, and both were traveling toward the south. On Mission Street there are two car lines, on one the cars run to the south and on the other they run to the north. The defendant Mazzoli, driving a Dodge truck, was in the lead and was traversing the westerly tracks going south. The plaintiff was behind him going in the same direction in the same path, driving a Plymouth sedan. Both were proceeding at a speed of 18 or 20 miles per hour. As they crossed Norton they slowed down to about 14 miles per hour. Having crossed the intersection each increased his speed to about 18 or 20

miles and continued to the south. The plaintiff's car had been following the defendants' truck and, immediately before the time of the impact was following it at a distance of 15 or 16 feet—about the length of his car. On the right hand side of Mission Street cars were parked, others were being parked, and still others were starting up and moving. Having passed Norton Street a short distance the defendant turned slightly to the right and stopped. The Dodge truck was equipped with a signal lamp of a type approved by the Department of Motor Vehicles of the state of California and the signal lamp was in good working order and was working at the time of the accident. As the truck stopped the plaintiff's car continued forward and struck the rear end of the truck, causing the injuries for which the plaintiff seeks to recover damages. The plaintiff testified that before turning and stopping the defendant gave no signal with his arm. The defendant testified he did. But he makes the further claim that his lamps gave the signal and that he was not bound to give both a signal by hand and a signal by a mechanical device. The defendants cite and rely on two sections of the code. Subdivision (c) of section 544 of the Vehicle Code is as follows: "544. When Signal Required. . . . (c) No person shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." And section 545 is: "545. Signals by Hand and Arm or Signal Device. The signals herein required shall be given either by means of the hand and arm or by a signal lamp or mechanical signal device of a type approved by the department, . . ." The finding thereon is as follows: " . . . that said Dodge truck was equipped with a signal lamp of a type approved by the Department of Motor Vehicles of the State of California; that said signal lamp was in good working order and was working at the time of the accident; that said signal lamp could be seen at a distance of more than two hundred feet at the time of the accident, that no other signal of intention to stop was given by the defendant Santos Mazzoli." The contention of the defendants, that the truck was not negligently operated if the facts recited in the foregoing finding existed, is too broad. The plaintiff pleaded general negli-

gence. (*Stein* v. *United Railroads,* 159 Cal. 368 [113 Pac. 663].) Under some circumstances the contention of defendants might be well founded while under other circumstances it would not be. Under all circumstances the defendants were bound to use reasonable care in the operation of the truck. To that end they were bound to comply with the provisions of the law (secs. 544 and 545, *supra*) regarding the giving of signals. But these sections prescribe cumulative duties and do not lessen the obligations of the defendants under general law. (*Ritz* v. *Cousins Lumber Co.,* 227 Mo. App. 1167 [59 S. W. (2d) 1072, 1076].) ▓ Under the common law and under the statute (Civ. Code, sec. 1708) they were bound to so operate their truck as to abstain from injuring the person or property of another. Furthermore, under section 505 of the Vehicle Code they were inhibited from operating their truck in a reckless manner. Under his pleading of general negligence the plaintiff was entitled to rely on any one of the foregoing theories and to have the jury instructed accordingly (*Amato* v. *Desenti,* 117 Conn. 612 [169 Atl. 611]) and it was for the trier of the facts to determine whether the defendants were guilty of negligence.

▓ The defendants also contend that the plaintiff was guilty of contributory negligence as a matter of law. They show these uncontradicted facts: Both cars were, immediately preceding the accident, traveling 18 to 20 miles per hour. The space between them was 15 or 16 feet. The plaintiff could stop his car within 10 or 12 feet. The defendant Mazzoli could and did stop his car within 15 feet. Each second the cars moved 26.4 feet. How long it would take the plaintiff to remove his foot from the throttle and place it on the brake was not estimated, but it was conceded that it would take a fraction of a second. If and when he received a signal from his leader that the latter was going to stop, the plaintiff had 31 feet of space to stop in—16 feet (the space between the two cars) plus 15 feet (the distance the leader ran before coming to a standstill). He could stop in 10 or 12 feet. Considering these circumstances and also the amount and nature of traffic in the street, we think it may not be said that the plaintiff was, as a matter of law, guilty of contributory negligence.

Cases involving rear-end collisions are many. *Prima facie* each case imports negligence and explanations are in order.

Many different situations are presented and in each specific case due consideration becomes necessary to ascertain each pertinent circumstance and then give it due consideration. Although the contention has often been made that the leader alone was guilty of negligence or that the follower alone was guilty of negligence, in general it has been held that the case as made by each party presented a question of fact for the jury and was not solely a question of law for the courts. (*Wright* v. *Clausen*, 253 Ky. 498 [69 S. W. (2d) 1062, 104 A. L. R. 480], and extended note, especially p. 502.)

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 14, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 11, 1938.