[Civ. No. 12194.  First Dist., Div. One.  Jan. 5, 1943.]

E. T. F. WOHLENBERG et al., Appellants, v. FRANK MALCEWICZ et al., Respondents.

510

Charles Reagh and Elisabeth Craig for Appellants.

Robert L. Lamb and Theodore Tamba for Respondent Malcewicz.

Edmund Scott for Respondents Adams.

PETERS, P. J.—Plaintiffs, who are husband and wife, brought this action to recover from defendants damages for personal injuries received by Mrs. Wohlenberg in an automobile accident alleged to have been caused by the negligence of defendants. The cause was tried before the court without a jury, and resulted in a judgment for defendants. From that judgment plaintiffs prosecute this appeal.

The injuries arose out of a three-car collision that occurred on the Bayshore Highway shortly after 5 p. m. on August 8, 1940. Mrs. Wohlenberg was riding in the back seat of an automobile being driven by Mrs. Berkes. The other two cars were being driven by defendant Betsy Adams and defendant Frank Malcewicz. The three automobiles were all proceeding in a southerly direction on the highway, and traffic was quite heavy. The highway is a main arterial, and has two lanes for traffic proceeding southerly. All three cars were in the inside, or fast lane. The Adams' car was first in line, followed by the Berkes' car and the Malcewicz' car brought up the rear. Betsy Adams testified that she was traveling at forty to forty-five miles per hour when a truck, some distance ahead, pulled out of the slow lane into the fast lane. This caused all the cars behind the truck to slow down. She stated that as a result she was forced to slow down very quickly. She was following another car at about a distance of one car length. She admitted that she gave no hand signal to the cars following her, but she testified that her car was equipped with the usual red "stop" light operated by the brake pedal. When her car had almost come to a stop, the Berkes' car ran into the Adams' car, and then hit it a second time.

Malcewicz testified that he was driving some twenty to twenty-five feet behind the Berkes' car at a speed of about twenty-five to thirty miles per hour; that he was driving a new Packard which was in perfect working condition; that the Berkes' car stopped very quickly; that it ran into the Adams' car and he crashed into the Berkes' car as the impact from the crash between that car and the Adams car threw

the Berkes' car backward. The force of the impact with the Malcewicz' car forced the Berkes' car to again hit the Adams' car. That corroborates the testimony of Betsy Adams that her car was hit twice by the Berkes' car. That testimony was also corroborated by La Vonne Olds, a passenger in the Adams' car.

Mrs. Wohlenberg testified that she was sitting in the back seat of the Berkes' car; that Mrs. Berkes was going forty to forty-five miles per hour; that she noticed the traffic slowing down; that the Berkes' car came to an easy stop behind the Adams' car without hitting it; that Mrs. Berkes had plenty of time to stop, and did so without hitting the Adams' car; that Malcewicz then crashed into the back of the Berkes' car; that as a result of the impact she was thrown forward and backward suffering the injuries for which this action was instituted.

On this evidence the trial court found that neither defendant Adams nor defendant Malcewicz was guilty of any negligence proximately causing the accident. Appellants urge that the basic findings on negligence and proximate cause are not supported by the evidence. It is their contention that the trial court could have found that either Adams or Malcewicz was free from negligence, but that, under the evidence, it could not properly find that both were free of negligence. These contentions are unsound.

From the evidence the trial court could have found that the accident was proximately caused by the negligence of Adams, or of Berkes, or of Malcewicz, or by any combination of these drivers; or the court could have found that no one was negligent, that is, that the accident was unavoidable. The trial court did not find the cause of the accident. It was not required to do so. It found that it was not proximately caused by the negligence of Adams or Malcewicz. That means that the trial court was of the belief either, that the sole proximate cause of the accident was the negligence of Berkes, or that the accident was unavoidable. In either event, no liability would attach to defendants. Even if either or both defendants were guilty of some act of negligence neither would be liable unless such negligence proximately caused the accident. It is only in rare cases that an appellate court can say that a party was guilty of negligence proximately causing the accident as a matter of law. Normally, the question of causation is one of fact and not of law. These prin-

ciples are elementary and have frequently been stated by the courts. (See cases collected 19 Cal.Jur., p. 732, § 139.)

Appellants urge that defendant Adams was guilty of negligence as a matter of law in failing to give a hand signal. Section 544, subdivision c, of the Vehicle Code provides that: "No persons shall stop or suddenly decrease the speed of a vehicle on a highway without first giving an appropriate signal in the manner provided in this chapter to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." Section 545 of the Vehicle Code provides in part: "The signals herein required shall be given either by means of the hand and arm or by a signal lamp or mechanical signal device of a type approved by the department. . . . " Betsy Adams testified that she gave no hand signal, and appellants urge that this alleged violation of the signaling statute is negligence *per se*. (*Wright* v. *Los Angeles Ry. Corp.*, 14 Cal.2d 168 [93 P.2d 135]; *Hurtel* v. *Albert Cohn, Inc.*, 5 Cal.2d 145 [52 P.2d 922]; *Sinclair* v. *Harp*, 18 Cal.App.2d 167 [63 P.2d 876].) To this contention there are several answers. Section 544 only requires the signal "when there is opportunity to give such signal." The evidence is such that the trial court could reasonably have believed that the slow-down occurred so quickly and unexpectedly that Betsy Adams had no reasonable opportunity to signal. Section 545 permits such signals to be given either by hand or "by a signal lamp . . . of a type approved by the department." There is no doubt that the signal lamp on the Adams' car was operating, and that it flashed red before the accident. Mrs. Wohlenberg admitted she saw the signal lamp go on. While there is no evidence that the lamp was of a type approved by the department (*Hardin* v. *Sutherland*, 106 Cal.App. 473 [289 P. 900]), the fact is, that a red lamp signal clearly visible to those in the Berkes' car was given by the Adams' car. Even if there were a technical violation of the signaling statute (a point we do not decide), the trial court was amply justified in finding that such assumed violation was not a proximate cause of the accident. Before a violation of a statute can be negligence *per se* so as to impose liability it must be shown that the violation was a proximate cause of the injury. (*Skaggs* v. *Wiley*, 108 Cal.App. 429 [292 P. 132]; *Ingram* v. *Wessendorf*, 14 Cal.App.2d 16 [57 P.2d 989].)

Appellants urge that Malcewicz was guilty of negli-

gence as a matter of law because of the fact that he ran into the rear of the Berkes' car, citing such cases as *O'Connor* v. *United Railroads,* 168 Cal. 43 [141 P. 809]; *Edlund* v. *Los Angeles Ry. Co.,* 14 Cal.App.2d 673 [58 P.2d 928]; *Nicholson* v. *Porter,* 118 Cal.App. 555 [5 P.2d 659]; *Binford* v. *Purcell,* 2 Cal.App.2d 87 [37 P.2d 732]. These cases do not stand for the broad principle contended for by appellants. Each case must turn on its own facts. In the cases cited the rear driver collided with the car in front under circumstances where he had notice that unless he stopped he would hit the front car. All four cases were affirmances. The true rule established by those cases, and others (see *Hardin* v. *Sutherland, supra; Donahue* v. *Mazzoli,* 27 Cal.App.2d 102 [80 P.2d 743]; annotation 104 A.L.R. 485) is that in each case whether the operator of the rear car is negligent in colliding with the car in front depends upon all the circumstances, and presents a question of fact and not of law.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 1, 1943.